Anthony MONTS *v*. Hon. Jack LESSENBERRY,
Circuit Judge

CR 91-29                                    806 S.W.2d 379

Supreme Court of Arkansas
Opinion delivered April 1, 1991

*Anthony Monts*, Pro Se.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

PER CURIAM. On March 22, 1989, a felony information was filed in the Circuit Court of Pulaski County charging Anthony Monts with three felony offenses. He has been incarcerated on this, and other charges, since that time. On September 12, 1990, Monts filed a *pro se* motion to dismiss the charges for failure to afford a speedy trial. On January 21, 1991, Monts filed a *pro se* petition for writ of mandamus in this court, contending that the trial court had failed to act within a reasonable time on the motion to dismiss. The case is scheduled for trial May 2, 1991.

The state acknowledges that a *pro se* "speedy trial" motion was filed by Monts but that he has no legal right to have the circuit court decide his motion because he was represented by counsel in the case before he filed it. The state attached to its response the trial judge's affidavit in which he contends that Monts and his attorney have appeared before him since the motion was filed and they specifically informed the court that there was no issue pending which required a pretrial hearing. The state relies on a United States District Court case, *United States* v. *Durden*, 673 F. Supp. 308 (N.D. Ind. 1987), which held that a defendant who has chosen to be represented by counsel is not entitled to file pretrial motions without the aid of counsel. We have not directly addressed the question of whether a defendant who has accepted counsel, either by retaining an attorney or by having one appointed, is entitled to have the court consider *pro se* pretrial motions.

The Arkansas Constitution, Art. 2, § 10, gives a defendant in a criminal case "the right to be heard by himself and counsel. . . ." This wording is typical of many state constitu-

tions. Footnote 10 to the majority opinion in *Faretta* v. *California*, 422 U.S. 806 (1975), the prevailing case on the right of a defendant to self representation, indicates that twenty-six other states have constitutional provisions granting to the accused the right to be heard or to defend in person *and* by counsel. 422 U.S. at 813. The use of the conjunction "and" between "himself" and "counsel" should not be interpreted as entitling a defendant to represent himself in part of the proceedings while accepting counsel's representation in other parts. In *State* v. *Whitlow*, 13 Or. App. 607, 510 P.2d 1354 (1973), a case wherein the defendant who was represented by counsel asserted a right to personally address the jury with a closing argument, the court said:

> The fact that the Oregon constitutional provision uses the conjunction between "defendant" and "counsel," as do similar provisions in most state constitutions, has repeatedly been held not to mean defendant may intermittently use and then discard counsel. (citing cases). Numerous cases . . . hold that whether the court allows defendant to make a closing statement or, indeed, whether he shall be allowed to intermittently use counsel during the trial while he conducts his own defense is within the sound discretion of the trial court.

Our court in *Mosby* v. *State*, 249 Ark. 17, 457 S.W.2d 836 (1970), interpreting the Arkansas Constitution, Art. 2, § 10, where the defendant desired to make a portion of the closing argument personally, said that the question of whether to permit the defendant to address the jury was a matter best resolved by the sound discretion of the trial court in order that it may maintain order, prevent unnecessary consumption of time or other undue delay, and preserve its dignity and decorum.

▮▮ In *United States* v. *Durden, supra*, the court addressed the question of whether a defendant may be required to choose between self-representation or representation by counsel with respect to pretrial motions:

> A defendant in a criminal case has the right to represent himself or to be represented by counsel, but there is no right to both or a "hybrid" representation, 28 U.S.C. § 1654; *McKaskle* v. *Wiggins*, 465 U.S. 168, 104 S.Ct.

944, 953-54, 79 L.E.2d 122 (1984); *United States* v. *Anderson*, 716 F.2d 446, 449 (7th Cir. 1983); *United States* v. *Trapnell*, 638 F.2d 1016, 1026-27 (7th Cir. 1980); in fact, courts have generally held that these two rights are mutually exclusive. *See United States* v. *Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (" 'The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other.' ") (quoting *United States* v. *Conder*, 423 F.2d 904, 908 (6th Cir.) (citations omitted), *cert. denied*, 400 U.S. 958, 91 S.Ct. 357, 27 L.E.d.2d 267 (1970)). *See generally 2 W. LaFave, J. Israel, Criminal Procedure* § 11.5(f) at 51-53 (1984 & Supp. 1987); 27 A.L.R.Fed. 485 (1976 & Supp. 1986). The circuits that have considered the question have held that the decision to allow hybrid representation is a matter committed to the sound discretion of the trial court. *United States* v. *LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987); *United States* v. *Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987); *United States* v. *Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981); *United States* v. *Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *United States* v. *Williams*, 534 F.2d 119, 123 (8th Cir.), *cert. denied*, 429 U.S. 894, 97, S.Ct. 255, 50 L.Ed.2d 177 (1976); *United States* v. *Hill*, 526 F.2d 1019, 1024 (10th Cir. 1975), *cert. denied*, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976).

\*\*\*

Although most of the cases discussing hybrid representation do so in the context of a trial (that is, examining what role a defendant should be allowed to play in conducting cross-examination and presenting arguments at trial before a jury), the court finds that the analysis contained in those cases is equally applicable to the pretrial stage of the present action.

We agree with the court in *Durden* that a defendant who invokes his right to counsel before trial by retaining an attorney or accepting appointment of counsel may be found to have waived his right to self representation at trial and also in pretrial proceedings. It is within the sound discretion of the trial court

therefore to strike pretrial motions which are filed *pro se* without the knowledge or aid of the attorney-of-record. This is particularly true with regard to pretrial motions which involve matters of strategy and tactics which are said to be within the exclusive province of trial counsel. *See Jones* v. *Barnes*, 463 U.S. 745 (1983). As the Court acknowledged in *Jones*, counsel possesses the superior ability to examine the record, research the law and marshall arguments in the defendant's behalf. With the exception of certain fundamental decisions such as whether a plea is to be entered, whether to waive jury trial and whether the client will testify, it is the attorney's duty to take professional responsibility for the conduct of the case, after consulting with his client. *Jones*, 463 U.S. at 753 n. 6. While it may be said that a motion for speedy trial is not a matter of trial strategy and tactics, nevertheless, the trial court has the discretion to decide whether to hear the motion. *Beverly* v. *State*, 516 So.2d 31 (Fla. App. 1987). In the event that a dispute develops between counsel and his client such that the preparation and presentation of an adequate defense is jeopardized, the defendant may seek to retain or have appointed a new attorney.

▮ Once a pretrial *pro se* motion is filed, the trial court should, exercise its discretion to either strike it on the ground that the defendant is represented by counsel and thus was not entitled to proceed *pro se* or otherwise make an appropriate ruling on the motion. In either event, disposition should be prompt and made a matter of record. We direct the trial court to either strike or act on the motion for speedy trial within ten days.

Petition granted.

GLAZE, J., disagrees in part, would not require trial court to rule on *pro se* motion.