Raque STERLING *v.* STATE of Arkansas

CR 93-206                                    868 S.W.2d 490

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*Donald A. Forrest,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Senior Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Raque Sterling, was convicted of aggravated robbery and for being a felon in possession of a weapon. The robbery victim had been shot, and his jewelry and wallet were taken. Sterling was sentenced as a habitual offender to 50 years imprisonment for the robbery conviction and 15 years for the weapons conviction, with the two sentences to run concurrently. He appeals on two grounds, both of which are alleged procedural lapses at his trial. First, he argues that he was denied the opportunity to make a closing argument after his attorney had already done so and immediately before the jury retired to deliberate. Secondly, he argues that he was prejudiced because two witnesses, Melvin Brown and LaWanda Terry, were not called in his defense. Neither issue has merit, and we affirm.

At the conclusion of closing arguments, the trial court counseled the jury on verdict forms and advised that it could retire to the jury room to deliberate. Sterling then said before the jury had left the room: "Your Honor, I would like to address your Honor and the jury. There's a lot of mistakes going on in this case. I know if you look and see it yourself, you will decide another thing on it." A sidebar conference ensued with counsel, and the trial court ruled that Sterling had had adequate trial counsel and that it was not going to permit Sterling to address the jury. The jury then left the courtroom to consider its verdict.

Sterling now urges that the trial court erred in its ruling. We hold otherwise. We have previously interpreted language in the Arkansas Constitution which gives a defendant in a criminal case "the right to be heard by himself and counsel. . . ." Ark. Const. art. 2, § 10; *see Monts* v. *Lessenberry,* 305 Ark. 202, 806 S.W.2d 379 (1990) (per curiam). In *Monts,* we stated: "The use of the conjunction 'and' between 'himself' and 'counsel' should not be interpreted as entitling a defendant to represent himself in part of the proceedings while accepting counsel's representation in other parts." 305 Ark. at 204, 806 S.W.2d at 380. In this same

vein, we have held that the decision of whether a defendant may make a portion of the closing arguments is best left to the sound discretion of the trial court in order that it may maintain order, prevent unnecessary consumption of time or other undue delay, and preserve dignity and decorum. *Mosby* v. *State*, 249 Ark. 17, 457 S.W.2d 836 (1970); *cited with approval, Monts* v. *Lessenberry, supra.*

The trial court correctly denied Sterling's request which came during the guilt phase of the trial but after his counsel had already made his closing argument and following the State's rebuttal argument. Sterling clearly was not entitled to a second argument at this stage of the proceedings.

For his second point, Sterling argues that the trial court erred in not allowing him to reopen his case and call two additional witnesses after the jury had retired to deliberate Sterling's guilt or innocence. We disagree.

We have held that it is discretionary with the trial court whether to permit a party to reopen a case either before or after the jury begins deliberating. *Holloway* v. *State*, 312 Ark. 306, 849 S.W.2d 473 (1993); *Sanders* v. *State*, 310 Ark. 510, 838 S.W.2d 359 (1992); *Curtis* v. *State*, 279 Ark. 64, 648 S.W.2d 487 (1983); *Powell* v. *State*, 270 Ark. 236, 605 S.W.2d 2 (1980). Clearly, though, a decision to permit additional evidence to go to the jury after its retirement must be exercised sparingly and only when the exigencies of the situation warrant it.

Here, the trial court did not err in its ruling. Sterling was somewhat muddled in his presentation of how the witnesses would be helpful and even as to what relief he specifically wanted. We also note that previously the two witnesses in question — Melvin Brown and LaWanda Terry — had given statements to police officers which were damaging to Sterling, although Terry later recanted. The earlier damaging statements alone could be ample reason why the trial counsel did not call them as part of the defense.

Under these facts, we cannot say that the trial court abused its discretion in refusing to allow Sterling to reopen his case at this juncture.

Affirmed.