Ricky Lee FRANKLIN *v.* STATE of Arkansas

CR 96-996                                          939 S.W.2d 837

Supreme Court of Arkansas
Opinion delivered March 10, 1997

Appellant, *pro se.*

No response.

PER CURIAM. In 1992, Ricky Lee Franklin was found guilty by a jury of two counts of burglary and sentenced to an aggregate sentence of forty years' imprisonment. We affirmed. *Franklin v. State*, 318 Ark. 99, 884 S.W.2d 246 (1994). He subsequently filed a *pro se* petition pursuant to Criminal Procedure Rule 37 in the trial court seeking to vacate the judgment. A hearing was held on the petition at which petitioner Franklin was represented by appointed counsel, Edgar R. Thompson. The petition was denied, and the record has been lodged in this court on appeal. Mr. Thompson has filed the appellant's brief. Appellant does not approve of the brief filed by counsel and asks by motion that a new attorney be appointed or, in the alternative, that the record of the Rule 37 hearing be forwarded to him so that he may prepare a *pro se* brief.

There is no right to counsel in a postconviction proceeding. *Pennsylvania v. Finley*, 481 U.S. 551 (1987). As a result, when the trial court appointed Mr. Thompson to represent appellant at the hearing on the Rule 37 petition, it was merely exercising its discretion pursuant to Rule 37.3(b). Petitioner filed a motion asking that Mr. Thompson be relieved as counsel, which was denied, but he did not decline to be represented by an attorney. He does not contend, and the record does not disclose, that

he ever asked the circuit court to permit him to proceed *pro se* as he could have done.

Appellant accepted representation by an attorney, and the fact that he is dissatisfied with counsel's efforts does not entitle him to appointment of a different attorney. Even on direct appeal of a judgment, an appellant does not enjoy the absolute right to counsel of his choosing. *Clements v. State*, 306 Ark. 596, 817 S.W.2d 194 (1991). We will not tolerate a situation wherein an appellant competes with his attorney to be heard in an appeal. As appellant chose to accept the appointment of counsel, this court will not dismiss counsel now or permit the appellant to file a supplemental brief.

Motion denied.