Walter URQUHART *v.*
The Honorable Fred DAVIS, Judge

00-282                                    25 S.W.3d 411

Supreme Court of Arkansas
Opinion delivered September 7, 2000

No response.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for respondent.

PER CURIAM. On March 7, 2000, Walter Urquhart filed a petition for writ of mandamus in this court contending that the Honorable Fred Davis, Circuit Judge, had failed to act within a reasonable time on a *pro se* petition for declaratory judgment that was filed in his court on April 2, 1999. The attorney general filed a response to the mandamus action in Judge Davis's behalf that offered no reason whatever for the delay.[1] After repeated requests to Judge Davis for information on the cause for the delay to which there was no response, the writ of mandamus was issued. *Urquhart v. Davis*, 341 Ark. 653, 19 S.W.3d 21 (2000). Judge Davis now asks this court to rehear the matter on the ground that there was a material error of fact contained in this court's opinion issuing the writ.

Judge Davis contends that this court mistakenly characterized Urquhart as a *pro se* litigant when he was in fact represented by counsel in the circuit court. He argues that Urquhart's status is significant because when a litigant is represented by counsel, it is

---

[1] Judge Davis did not include the *Urquhart pro se* pleading on his compliance report to the Administrative Office of the Courts for the periods in which it was pending.

within the circuit court's discretion to entertain any motions filed *pro se.* He cites *Monts v. Lessenberry*, 305 Ark. 202, 806 S.W.2d 379 (1991), as support for that position. The reliance on *Monts*, however, is misplaced.

In *Monts*, the defendant who was represented by counsel filed in the trial court a *pro se* motion for dismissal of the charges against him. When the court failed to act on the *pro se* motion to dismiss within a reasonable time, Monts filed a mandamus action here. While we noted that the court had the discretion to strike pretrial motions which are filed *pro se* without the knowledge or aid of the attorney-of-record, we specifically held that the trial court should exercise its discretion to either strike the *pro se* motion on the ground that the defendant is represented by counsel and thus was not entitled to proceed *pro se* or otherwise make an appropriate ruling on the motion. In either event, we said disposition should be prompt and made a matter of record. Accordingly, we directed the trial court to either strike or act on the motion to dismiss within ten days. Clearly, *Monts* does not stand for the proposition that a circuit judge has the discretion to ignore a motion filed in his or her court merely because the motion was filed *pro se* by a litigant who is represented by counsel. Here, the court neither struck the *pro se* pleading nor otherwise disposed of it.

■ By taking no action, Judge Davis left this court with no choice but to issue the writ. We find no good cause to rehear the matter.

Petition denied.