Andrew Tremaine BREWER *v.* STATE of Arkansas

CR 07-1023                                              268 S.W.3d 332

Supreme Court of Arkansas
Opinion delivered November 15, 2007

Petitioner *Andrew Tremaine Brewer,* pro se.

*No response.*

PER CURIAM. A jury found petitioner Andrew Tremaine Brewer guilty of possession of a controlled substance (Darvocet) and residential burglary and sentenced him as a habitual offender to an aggregate term of 840 months' imprisonment. The Arkansas Court of Appeals affirmed the judgment. *Brewer v. State*, CACR 06-1403 (Ark. App. Sept. 19, 2007). Petitioner filed a motion to proceed pro se, and a pro se petition for review under Ark. Sup. Ct. R. 1-2(b) was filed. Those matters are now before us.

In his motion, petitioner requests that we permit him to proceed pro se and that this court review the decision by the court of appeals through his pro se petition. Yet, counsel was appointed to represent petitioner at trial and on appeal. An appellant is not entitled to accept appointment of counsel to represent him, and also proceed pro se. *Hamilton v. State*, 348 Ark. 532, 74 S.W.3d 615 (2002). Moreover, this court will not permit an appellant to compete with his attorney to be heard in an appeal. *Franklin v. State*, 327 Ark. 537, 939 S.W.2d 836 (1997) (per curiam); *see also Monts v. Lessenberry*, 305 Ark. 202, 806 S.W.2d 379 (1991) (per curiam). We will not allow a petitioner to substitute his judgment concerning how and whether to request review for that of his attorney.

Petitioner here contends that he is unable to adequately communicate with counsel in the short time required to petition for review and also contends that counsel raised patently frivolous claims on appeal while not pursuing what petitioner perceives as more viable claims. Appellant's allegations do not constitute good cause to relieve counsel or to permit petitioner to proceed pro se.

Petitioner has not explained how it is that further consultation with his client is necessary in order for counsel to evaluate whether adequate grounds to pursue a petition under Rule 1-2(e) exist, nor is it evident to us. An appellant has no constitutional right to participate in his representation on direct appeal. *Fudge v. State*, 341 Ark. 652, 19 S.W.3d 22 (2000) (per curiam). Representation by trained appellate counsel is of distinct benefit to the appellant as well as the court. *Id.*

As we explained in *Monts*, counsel possesses the superior ability to examine the record, research the law and marshal arguments in the defendant's behalf. With the exception of certain fundamental decisions, it is the attorney's duty to take professional responsibility for the conduct of the case, after consulting with his client. *Monts*, 305 Ark. at 206, 806 S.W.2d at 381-82. Despite petitioner's contention, our review of the decision by the court of

appeals shows that the arguments raised by counsel were not frivolous. The court of appeals devoted considerable discussion to each of the three issues raised.

■■ An accused is not guaranteed a meaningful attorney-client relationship or an exemplary rapport with his appointed attorney. *Burns v. State*, 300 Ark. 469, 780 S.W.2d 23 (1989). Further, the right to counsel does not provide the right to counsel who substitutes the judgment of the accused for his or her professional judgment. *Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995). Petitioner has failed to show good cause to relieve counsel and permit petitioner to proceed pro se in his direct appeal. We accordingly deny his motion, and the petition is therefore moot.

Motion denied; petition moot.