SLIP OPINION

Cite as 2015 Ark. App. 289

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–1093

| | | |
|---|---|---|
| MAURICE LANGFORD | | Opinion Delivered May 6, 2015 |
| APPELLANT | | |
| | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR–2013-703-5] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | | |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

This is an appeal from a bench trial in which the Jefferson County Circuit Court convicted Maurice Langford of sexual indecency with a child. The court sentenced him to four years' probation, ordered him to register as a sex offender, and fined him $5,000. On appeal, Langford argues that the circuit court erred when it denied his motion for directed verdict. We affirm.

At trial, Officer Edwards, M.H. (the juvenile victim), and Detective Johnson testified for the State. Officer Edwards testified that, on September 27, 2013, he was dispatched to Laurel Street concerning a call that two black males had entered an abandoned house. He explained that when he arrived, he saw that the house door had been kicked in and he smelled marijuana. He testified that he entered the house, announced himself as a police officer, and asked that anyone inside come out with his hands up. He testified that Langford

appeared and informed him that another male was in the house. He stated that he and Langford yelled the male's name, and M.H. appeared. Officer Edwards placed Langford and M.H. in handcuffs and escorted them to his car. He explained that after placing Langford and M.H. in handcuffs, Officer Boykin arrived at the scene. He testified that he and Officer Boykin walked through the house. He testified that the house reeked of marijuana, but they did not find any drugs. He stated that they found a condom wrapper with a liquid substance on it in the living room. Officer Edwards testified that after finding the condom wrapper, he contacted his supervisor and reported the incident. His supervisor then called a detective. He stated that the detective arrived, photographed the scene, and took the condom wrapper into evidence.

M.H. testified that, on September 27, 2013, he was fourteen years old. He explained that on that day, he saw Langford while riding his bike to a football game at Pine Bluff High School. He noted that he knew Langford through mutual friends and that Langford had previously shown him pornographic videos. He testified that Langford asked him to smoke marijuana and he agreed. He explained that he and Langford then went to an abandoned house, where Langford gave him marijuana and they smoked it. M.H. testified that while they were smoking, Langford removed a laptop from his book bag and played pornographic videos on the computer and told him to watch the videos. M.H. testified that Langford said the female in the video was fifteen years old. M.H. explained that, after watching the videos, Langford said "he was going to give me (M.H.) some head for some money . . . like a hundred and something dollars." M.H. testified he did not have a chance to respond because

the police then entered the house.  M.H. explained that when the police arrived, Langford went toward the police but he hid in the closet because he was scared.  M.H. stated that he did not know how the condom wrapper got into the house.

Detective Johnson testified that on September 27, 2013, he responded to a call concerning two black males in a vacant residence.  He testified that inside the residence he saw a condom wrapper on the floor covered with some type of lubricant.  He testified that after seeing the wrapper, he took M.H. and Langford to the detective office.  He testified that he obtained a search warrant to search Langford's book bag and found recording equipment, multiple SD cards,[1] and an iPad.  He testified that he then obtained a search warrant for the SD cards and found videos of a pornographic nature on them but could not determine the age of the individuals from the videos.  He stated that Langford told him that he worked in the film industry.

After Detective Johnson's testimony, the State rested.  Langford then moved for a directed verdict.  Specifically, Langford's counsel stated

> at this time, I move for a directed verdict, that the State has not put on evidence that is sufficient to show that on this date that Mr. Langford solicited another person to engage in sexual intercourse or deviate sexual activity or sexual contact. I do not believe the State has met their burden of proof. They have to show beyond a reasonable doubt that—that does not give rise to suspicion, that you have to fill in the blanks with this. Obviously, from the testimony of [M.H.], he cannot seem to get out the—just the basics: color, descriptions, phrases that are used. He also testified that he was smoking marijuana prior to the date that he went into this house with Mr. Langford and he smoked marijuana in this house. It is very possible—and I—I will say from his testimony that he does not have a good grasp of—on some things. And so I would move the Court to direct a verdict in favor of Mr. Langford.

---

[1] SD cards are digital memory cards.

The circuit court denied the motion.

Langford then testified on his own behalf. He testified that on September 27, 2013, he was forty years old. He stated that on that day, M.H. invited him to smoke marijuana at the abandoned house. He testified that M.H. told him that he had hidden marijuana at the house but when they arrived, they could not find the drugs. He testified that he did not show M.H. pornographic videos on his laptop and noted that he had not owned a laptop since 2009. He admitted that he owns an iPad and had the iPad with him on that day. He also testified that he did not offer M.H. money to perform a sexual act and that he did not know M.H.'s age.

Following his testimony, Langford renewed his motion for a directed verdict. The circuit court denied the motion. The court then found Langford guilty of sexual indecency with a child pursuant to Arkansas Code Annotated section 5-14-110(a)(1) (Repl. 2013).[2] The court sentenced him to four years' probation, ordered him to register as a sex offender, and fined him $5,000. Langford then filed this appeal.

On appeal, Langford argues that the circuit court erred by denying his motion for a directed verdict. Specifically, Langford argues that the evidence was insufficient because the State produced only circumstantial evidence and did not offer any direct evidence that he solicited M.H. to engage in sexual contact. Langford also argues that the evidence is

---

[2] Under Arkansas Code Annotated section 5-14-110(a)(1), a person commits sexual indecency with a child if being eighteen years of age or older, the person solicits another person who is less than fifteen years of age or who is represented to be less than fifteen years of age to engage in sexual intercourse, deviate sexual activity, or sexual contact.

insufficient because the State did not present forensic evidence, noting that the condom wrapper was never tested.

A directed-verdict motion is a challenge to the sufficiency of the evidence. *Rounsaville v. State*, 372 Ark. 252, 273 S.W.3d 486 (2008). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Alexander v. State*, 78 Ark. App. 56, 77 S.W.3d 544 (2002). Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id*. A motion for directed verdict requires the movant to apprise the circuit court of the specific basis on which the motion is made. *See, e.g.*, *Rounsaville*, 372 Ark. 252, 273 S.W.3d 486. Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial. *See id*.

Here, Langford's arguments on appeal were not part of his directed-verdict motion in the circuit court. Specifically, at trial, Langford argued that the evidence was insufficient because M.H.'s testimony was unreliable. However, on appeal, Langford asserts that the evidence was insufficient because the State produced only circumstantial evidence and because the condom wrapper was never tested. Accordingly, Langford changed the basis for his directed-verdict motion on appeal, and his arguments are not preserved for our review. However, even had Langford preserved his arguments, the circuit court properly denied his motion for a directed verdict. M.H.'s testimony was sufficient evidence to support Langford's

conviction. Further, any forensic evidence on the condom wrapper is irrelevant to the offense of sexual indecency. Sexual indecency only requires *solicitation* of sexual intercourse or contact. *See* Ark. Code Ann. § 5–14–110(a)(1).

Affirmed.

GLADWIN, C.J., and HARRISON, J., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.