

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR–15–537

| | | |
|---|---|---|
| JULIUS J. THOMAS | | **Opinion Delivered** April 6, 2016 |
| | APPELLANT | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NO. 29CR-14-112] |
| V. | | |
| | | HONORABLE DUNCAN CULPEPPER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Julius J. Thomas appeals his conviction on one count of rape and one count of sexual assault in the second degree.[1] After a jury trial, the Hempstead County Circuit Court imposed a cumulative sentence of sixty years in the Arkansas Department of Correction.[2] Thomas raises four points on appeal. We affirm.

### I. *Sufficiency of the Evidence*

As his last point on appeal, Thomas raises a challenge to the sufficiency of the evidence. We must address this challenge first for purposes of double jeopardy. *See Woolbright v. State*, 357 Ark. 63, 160 S.W.3d 315 (2004). Thomas challenges the circuit court's denial of his motion for directed verdict. This court treats a motion for a directed verdict as a challenge

---

[1] Although Thomas was charged with two counts of rape, the other rape count was dismissed at the close of the State's case.

[2] He received forty-five years on the rape charge and fifteen years on the second-degree sexual-assault charge, to be served consecutively.

to the sufficiency of the evidence. *Gwathney v. State*, 2009 Ark. 544, 381 S.W.3d 744. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, consider only the evidence that supports the verdict, and affirm if substantial evidence exists to support the verdict. *Id.* Substantial evidence is that evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Campbell v. State*, 2009 Ark. 540, 354 S.W.3d 41. Specifically, Thomas challenges the sufficiency of the evidence on his rape conviction.[3]

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(A)(3) (Repl. 2013). "Deviate sexual activity" includes, among other things, any act of sexual gratification involving the "penetration, however slight, of the labia majora . . . of a person by any body member or foreign instrument manipulated by another person." *See* Ark. Code Ann. § 5-14-101(1)(B). "[P]enetration can be shown by circumstantial evidence, and if that evidence gives rise to more than a mere suspicion, and the inference that might reasonably have been deduced from it would leave little room for doubt, that is sufficient." *Fernandez v. State*, 2010 Ark. 148, at 8, 362 S.W.3d 905, 909 (citing *Young v. State*, 374 Ark. 350, 288 S.W.3d 221 (2008)).

---

[3] Thomas does not challenge the sufficiency of the evidence supporting his second-degree sexual-assault conviction.

Thomas contends that the State failed to prove "penetration," a necessary element of rape. To support his argument, Thomas points to inconsistencies in the victim's testimony. Viewing the evidence in the light most favorable to the State, we disagree.

The victim in this case is Z.N., who at the time of the allegations was five years old. She alleged that on March 18, 2014, Thomas, her babysitter's boyfriend, placed a black pole-like object between her legs and in her genital area. During Z.N.'s testimony, she made statements that indicated that penetration had not occurred. However, Z.N. also testified that she was sure that Thomas had hit her "in" her "pocketbook"[4] with the black thing and that it hurt. Z.N.'s testimony was not the only evidence of penetration submitted at trial. The child's mother, Chiquita Trotter, testified without objection to statements made to her by Z.N. regarding the alleged rape. Trotter testified that Z.N. had described to her a bad dream in which a man was on top of her "going up and down." She also stated that Z.N. was acting out in a sexual manner and that, when she asked Z.N. about it, Z.N. had told her that Thomas had hurt her. Z.N. indicated to Trotter that Thomas had thrown her onto the bed, made her take her clothes off, and had put a "black pole" between her legs and "inside her pocketbook." Trotter further testified that, on the night of the alleged rape, Z.N. had uncharacteristically wet herself and that she refused to sit down in the bathtub, complaining that her pocketbook hurt. When Trotter took Z.N. to the doctor, there was redness in her vaginal area. Deborah Porcia, the nurse practitioner who examined Z.N., testified that she observed redness "inside" Z.N.'s labia majora and indicated that it was consistent with sexual

---

[4] "Pocketbook" is Z.N.'s name for her genital area.

SLIP OPINION

abuse. When given a polygraph test, Thomas's responses that he had not taken off Z.N.'s clothing, had not performed any sexual act with Z.N., and had never stuck anything in Z.N.'s vagina were found to be deceptive.

It is the role of the jury to determine the facts of the case. Variances and discrepancies in the proof go to the weight or credibility of the evidence and are matters for the fact-finder to resolve. *Starling v. State*, 2016 Ark. 20, at 5, ___ S.W.3d ___, ___; *Marts v. State*, 332 Ark. 628, 644, 968 S.W.2d 41, 49 (1998). The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *E.g.*, *Burley v. State*, 348 Ark. 422, 430, 73 S.W.3d 600, 605 (2002). Accordingly, when there is evidence of a defendant's guilt, even if it is conflicting, it is for the jury as fact–finder to resolve any conflicts and inconsistencies; it is not for the court to resolve on a directed–verdict motion. *Marts*, 332 Ark. at 644, 968 S.W.2d at 49. Given the totality of the evidence submitted at trial and taking that evidence in the light most favorable to the state as we must do, there was sufficient evidence to support the jury's finding that penetration occurred and to support the verdict.

## II. *Failure to Disclose*

We now turn to Thomas's claim that the trial court erred in admitting testimony regarding the use of a sex toy during the commission of the alleged rape, when the substance of such testimony was not disclosed until four days before trial. Some background procedural information is helpful in assessing this argument.

SLIP OPINION

From the onset of the investigation, Thomas was apprised of the fact that an object of some kind was used in the alleged rape of Z.N. The object was initially thought to have been a pool cue found in the closet. Four days prior to trial, the State informed Thomas that the object was believed to have been a sex toy. The sex toy had not been found, but the State indicated its intent to present testimony as to its existence. Thomas filed a written motion in limine, arguing that this delayed response constituted unfair surprise and violated the rules of discovery. At the hearing on the motions, counsel objected to testimony on the basis that such testimony was speculative. The court denied the motion but did not specify a particular reason on denial.

On appeal, Thomas contends that the failure to timely disclose the substance of the testimony was a violation of Rules 17.1 and 17.2 of the Arkansas Rules of Criminal Procedure.[5] When a party's failure to comply with a discovery rule is brought to the court's attention, the court may, among other things, grant a continuance or enter such order as it deems proper under the circumstances. Ark. R. of Crim. P. 19.7(a). A continuance may be sufficient to cure the State's failure to comply with the rule. *Sumlin v. State*, 273 Ark. 185, 617 S.W.2d 372 (1981); *see also Hughes v. State*, 264 Ark. 723, 574 S.W.2d 888 (1978). However, the only remedy requested by Thomas at the trial level was the exclusion of the testimony. When the trial court denied this relief, at no time did Thomas request a continuance to investigate or more fully prepare. Thomas argues only that the State violated the rules of discovery by failing to apprise him of the substance of the witnesses' testimony until four days

---

[5] Rules 17.1 and 17.2 set forth the guidelines regarding the prosecuting attorney's discovery obligations.

prior to trial and that the State's failure to do so denied him sufficient time to make beneficial use of the information. In this case, given that Thomas objects on appeal only to the timing of the disclosure, any possible prejudice caused by the State's failure to comply with the pretrial discovery rule would have been cured by a continuance. *See Reed v. State*, 312 Ark. 82, 88, 847 S.W.2d 34, 37 (1993). Thus, his failure to request a continuance is fatal to his claim of prejudice.

### III. *CVSA Results*

Next, we address Thomas's argument that the trial court erred in admitting the results of his CVSA, or polygraph test. Again, some procedural background information is helpful in assessing this argument.

As a part of the law-enforcement investigation, Thomas agreed to submit to a CVSA, or polygraph test. Prior to the test, Thomas personally entered into a written stipulation as to the admissibility of the results. In the consent form signed by Thomas, he was advised of his right to have an attorney, waived his right to consult with counsel, and affirmatively stated that he was signing the consent without any threat, coercion, promise, reward, or immunity. He also signed a joint agreement as to the admissibility of the results. In the stipulation, he again affirmed that he was not represented by counsel and agreed to submit to the CVSA without the benefit of legal advice. Thomas filed a motion in limine arguing that his stipulation to the admissibility of the CVSA was not voluntary because it was made without benefit of counsel and with the promise of reward. At the hearing on the motion in limine,



he asserted that the stipulation was not valid because his counsel did not sign it. The court denied his motion.

On appeal, Thomas's argument focuses on the voluntariness of his stipulation. However, he did not obtain a ruling from the trial court on this issue. His failure to obtain a ruling on the voluntariness of his stipulation precludes its review on appeal. *See Barber v. State*, 2016 Ark. 54, at 6, ___ S.W.3d ___, ___. Additionally, we note that whileThomas did mention in his argument that his stipulation was not signed by counsel, he did not provide us with any argument or authority regarding this issue. We have made it exceedingly clear that we will not consider an argument, even a constitutional one, when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Butler v. State*, 2011 Ark. 435, at 9, 384 S.W.3d 526, 532; *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001).

IV. *Witness Competency*

Finally, Thomas challenges the competency of the child witness. His argument on appeal is that, because Z.N. could not testify as to facts regarding her favorite cartoon, she was incompetent to testify at trial. This argument was not raised at the trial-court level. At trial, counsel argued,

> Your Honor, I think there's four requirement[s] for a child to be considered competent to testify. One of them is that she know the difference between right and wrong, the truth; know what the consequences of lying; being able to recite the facts; and I can't think of the other one, but there's four requirements, and I only think she met two of them.

SLIP OPINION

Clearly, Thomas did not argue below that Z.N.'s inability to answer questions regarding her favorite cartoon rendered her incompetent to testify. Nor did counsel clarify below which of the two requirements for competency Z.N. failed to satisfy. On appeal, Thomas asserts that Z.N. failed the last two requirements: the ability to receive and retain accurate impressions and the capacity to transmit a reasonable statement of what has been seen, felt, or heard. But because Thomas did not make this argument below, it is not preserved for our review. It is well settled that only the specific objections and requests made at trial will be considered on appeal. *Lucas v. Jones*, 2012 Ark. 365, at 9, 423 S.W.3d 580, 585. Arguments not raised below, even constitutional ones, are waived, and parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial. *Id.*; *Abshure v. State*, 79 Ark. App. 317, 323, 87 S.W.3d 822, 826–27 (2002).

Affirmed.

GLADWIN, C.J., and HARRISON, J., agree.

*Anthony S. Biddle*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.