

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–1020

| | | |
|---|---|---|
| BRYAN BAKER | | **Opinion Delivered:** September 14, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE GRANT |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 27CR–2014–15-1] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from his conviction of thirty counts of possession of child pornography, a Class C felony. On appeal, his sole argument is that the circuit court committed reversible error by failing to review the images and video that served as the basis for the charges prior to ruling to deny appellant's motion in limine. We affirm.

Appellee filed a criminal information on February 7, 2014, charging appellant with thirty counts of possession of child pornography. Appellant filed a motion in limine on June 22, 2015, seeking to exclude the combination of thirty images and videos appellee identified as supporting the thirty counts. He offered to stipulate that the videos and images were child pornography, and therefore, argued that with the stipulation, the videos and images would be "substantially more prejudicial than probative[,]" having "no probative value . . . because the jury [would be] told that the images/videos contain child pornography." He further argued that because appellee would likely argue in its case against him that each time he viewed the video/image, he revictimized the child, the same revictimization would occur

by showing the videos and images to the jury and such revictimization could be prevented by describing the videos and images to the jury. In his prayer for relief, he specifically asked the court to "conduct a review of each [video and image] prior to their introduction to rule on the admissibility."

On July 6, 2016, prior to the jury trial, the circuit court held a hearing on appellant's motion in limine. The circuit court denied the motion, ruling the following:

> Even though the probative value may be something that's distasteful for the defense it is the ultimate basis for the cause of action that's brought under the information filed by the State of Arkansas.
>
> It has to be shown in some limited form so that the jurors can form their own opinion about the testimony. So the 403 request is denied. The Court does not find that's prejudicial. It's just a matter of proof that the State has to show.
>
> . . .
>
> I can't let the State have a stipulation on that. They have an obligation and responsibility to prove.
>
> . . .
>
> 403 re-victimization violation that is raised by the Defense is denied. The State has an obligation to show facts to the jury that would show the jury each count that's been alleged totaling 30 counts.
>
> . . .
>
> The prejudicial effect is completely outweighed by the necessity of the State to prove each of their counts, stipulation or no stipulation.

A jury trial proceeded thereafter in which appellant was convicted of all thirty counts. The jury was unable to reach a unanimous verdict on the sentence; thus, the trial court sentenced appellant to thirty years in the Arkansas Department of Correction. This timely appeal followed.

Appellant's sole argument on appeal is that the circuit court committed reversible error by failing to review the videos and images, which served as the basis for the charges, prior to ruling to deny appellant's motion in limine. It is clear that appellant did not make any argument to the circuit court that it had to review the images before ruling on his motion in limine.[1] It is well settled that only the specific objections and requests made at trial will be considered on appeal.[2] Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial.[3]

Furthermore, to preserve a point for appellate review, a party must obtain a ruling from the circuit court.[4] The burden of obtaining a ruling on an objection or motion is upon the movant, and the failure to secure a ruling constitutes a waiver, precluding its consideration on appeal.[5] Because appellant failed to obtain a ruling on his request for review and has changed the scope of his argument on appeal, we affirm.

Affirmed.

---

[1] It is not clear from appellant's abstract whether the circuit court reviewed the images or not.

[2] *Thomas v. State*, 2016 Ark. App. 195, at 8, 487 S.W.3d 415, 420 (citing *Lucas v. Jones*, 2012 Ark. 365, at 9, 423 S.W.3d 580, 585).

[3] *Langford v. State*, 2015 Ark. App. 289, at 5, 461 S.W.3d 712, 715 (citing *Rounsaville v. State*, 372 Ark. 252, 273 S.W.3d 486 (2008)).

[4] *Wells v. State*, 2012 Ark. App. 596, at 14, 424 S.W.3d 378, 388 (citing *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214).

[5] *Id.*



GLADWIN, C.J., and HOOFMAN, J., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.