Cite as 2021 Ark. App. 113

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–20–182

| | |
|---|---|
| RICKY CLEVELAND ALEXANDER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | OPINION DELIVERED: MARCH 10, 2021<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-17-160]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Ricky Alexander appeals the August 14, 2019 sentencing order entered by the Garland County Circuit Court. Alexander argues that the circuit court abused its discretion when it failed to rule on or dispose of his pro se motions. We affirm.

On March 13, 2017, the State filed a one-count information against Alexander, charging him with the crime of solicitation of murder in the first degree, a Class A felony. On April 4, Alexander entered a plea of not guilty on the count.

The facts alleged in the information are that on or about February 21, a witness appeared at the Hot Springs Police Department stating that he was approached to perform a murder for hire. The witness consented to act as an informant and subsequently recorded four separate interactions with Alexander. During each, Alexander agreed to pay the witness to murder the potential victim.

Relevant to the issue on appeal, although he was represented by counsel throughout the proceedings,[1] Alexander filed multiple pro se motions, the majority of which addressed bond issues. At a hearing on August 22, the circuit court noted Alexander's filing of pro se motions while being represented by counsel and that, in order to be considered, any such motions would have to be adopted by his attorney, filed "the proper way," and served on opposing counsel. Alexander acknowledged the circuit court's direction, stating, "That sounds good."

On October 22, after Mark Fraiser entered an appearance on behalf of Alexander, he noted on the record, "I would like to review both files, all pro se pleadings in—before I adopt anything or file anything on my own." Fraiser stated to the circuit court that, by the next hearing, "I will have filed anything I feel is appropriate or adopt anything that Mr. Alexander or even Mr. Hurst or his law firm ever filed." At a hearing on November 14, the court took up a motion for a reduction in bond, which was granted.

During a hearing on November 19, multiple previously filed pro de motions were discussed with Frasier, and the circuit court inquired about any remaining pro se motions:

COURT: Now, are you going to file something to indicate which of the pro se motions you're going to adopt?

FRAISER: That is what—at this point, for Mr. Graham and Ms. Alexander [prosecuting attorneys], unless I file something with my signature on it, it's not a motion that will be addressed on 1-28 [omnibus hearing date] . . .

COURT: Okay.

---

[1]Alexander initially was represented by attorneys Clay Janske and Morse Gist, and on August 2, 2017, they were substituted by the Hurst Law Group. The Hurst Law Group subsequently withdrew, and eventually, Mark Fraiser represented Alexander for the remainder of the proceedings before the circuit court.

| | |
|---|---|
| FRAISER: | 'Cause what I'll do is any motion Mr. Alexander filed, I'll re-write it and tweak it and then put it under— |
| COURT: | Under your signature? |
| FRAISER: | Correct. |
| COURT: | Very good. We're clear on that, Mr. Graham? You can pass that on to M[r]. Alexander. We're, more or less, starting over. He's going to re-file everything that we're going to consider on the 28th omnibus date. |

Fraiser adopted and refiled several motions that had originally been filed pro se by Alexander, including a motion for a bond hearing and a discovery motion. At a pretrial hearing on January 28, 2019, Fraiser stated there were three pending motions filed on behalf of Alexander. The circuit court heard the motion to reduce bond and subsequently issued an order granting it on February 8, 2019, pursuant to which the bond was reduced from $300,000 to $100,000. On April 17, yet another pro se motion was filed—this one for a speedy trial, while Alexander was represented by Fraiser, but Fraiser did not adopt or refile that motion.

Alexander's bench trial was held on August 1, after which the circuit court found him guilty and sentenced him to eight years in the Arkansas Department of Correction (ADC) with credit for twenty-eight months and nineteen days, with judicial transfer to the ADC, court costs, and costs of DNA exonerated on time served.

Alexander then filed a pro se posttrial motion on September 16, which the circuit court treated as a motion for new trial and denied on September 17. Fraiser filed a motion to withdraw as counsel on September 20, and the Garland County Public Defender's Office was appointed on October 7 for appeal purposes. That same day, Alexander filed a notice of appeal. This court granted Alexander's motion for a belated appeal on April 8, 2020.

A circuit court's failure to address pro se motions is reviewed under an abuse-of–discretion standard. *Urquhart v. Davis*, 342 Ark. 9, 25 S.W.3d 411 (2000).

Citing *Monts v. Lessenberry*, 305 Ark. 202, 806 S.W.2d 379 (1991), Alexander notes that Arkansas courts have recognized that circuit courts may choose to hear motions submitted pro se by a party who is represented by counsel. *See also Shields v. QHG of Springdale, Inc.*, 2009 Ark. 88, at 12, 302 S.W.3d 598, 604; *Urquhart, supra*.

Alexander argues that the circuit court had a duty to either strike his pretrial pro se motions or otherwise make appropriate rulings on them yet failed to do so. He cites article 2, section 10 of the Arkansas Constitution, which guarantees a defendant in a criminal case "the right to be heard by himself and counsel." Alexander submits that established Arkansas case law dictates that not only may a defendant be heard, but also, "once a pretrial pro se motion is filed, the circuit court should exercise its discretion to either strike it on the ground that the defendant is represented by counsel and thus was not entitled to proceed pro se or otherwise make an appropriate ruling on the motion." *Monts*, 305 Ark. at 206, 806 S.W.2d at 382; *see also*, *Shields*, *supra*; *Urquhart*, *supra*. Each of these also states that "disposition should be prompt and made a matter of record." *Id*.

Alexander argues that the circuit court erred in failing to promptly dispose of six pro se filings made by him. He maintains that the circuit court either failed to address the filings or, at most, merely mentioned the filings in passing without making a final ruling. He maintains that the failure of the circuit court to make a final disposition on the motions was clear error and abuse of its discretion.

4

Because Alexander's argument attempts to raise issues not properly preserved for appeal, this court will not address his claim. Specifically, because Alexander failed to obtain rulings on his pro se motions at the circuit court level, he has failed to preserve the issue for appeal. Regarding Alexander's reliance on *Monts*, that case is distinguishable as it dealt with a petitioner seeking a writ of mandamus in order to force a lower court to rule on a pending speedy-trial motion. *Monts*, 305 Ark. at 203, 806 S.W.2d at 380. To the contrary, there is nothing left pending before the circuit court; accordingly, no writ of mandamus is at issue.

The circumstances of the current case required Alexander, in the ordinary course of the proceedings, to obtain rulings from the circuit court in order to preserve his argument for appellate review. *See, e.g.*, *Baker v. State*, 2016 Ark. App. 409, at 3. The burden of obtaining a ruling on an objection or motion is upon the movant, and the failure to secure a ruling constitutes a waiver, precluding its consideration on appeal. *E.g.*, *id*. Alexander's appeal rests on his singular assertion that no rulings on his six pro se motions were obtained below, but he failed to preserve his claim for appeal. Therefore, we must affirm.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Davis Firm, PLLC*, by: *Leah Ryals Jacobs*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

5