2013 Ark. 298

**Kelton Esquire BOND, Appellant**

v.

**STATE of Arkansas, Appellee.**

No. CR–11–565.

Supreme Court of Arkansas.

July 25, 2013.

Kelton Esquire Bond, pro se appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

PER CURIAM.

In 2008, appellant Kelton Esquire Bond was convicted by a jury of multiple drug-related offenses and sentenced to an aggregate term of 115 years' imprisonment.[1] The Arkansas Court of Appeals affirmed the judgment. *Bond v. State,* 2010 Ark. App. 664, 2010 WL 3934599. Appellant subsequently filed in the circuit court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008), a motion for an evidentiary hearing, and a motion to appoint counsel. The circuit court denied appellant's petition without a hearing and further denied appellant's motion to appoint counsel. Appellant now brings this appeal.[2] Our jurisdiction is pursuant to Rule 37 and Arkansas Supreme Court Rule 1–2(a)(8) (2012).

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Banks v. State,* 2013 Ark. 147, 2013 WL 1491272. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Hickey v. State,* 2013 Ark. 237, 428 S.W.3d 446, 2013 WL 2361052 (per curiam).

On appeal, appellant argues that trial counsel was ineffective for the following

1. Appellant was convicted of four counts of delivery of cocaine, three counts of delivery of marijuana, one count of possession of cocaine with intent to deliver, one count of possession of marijuana with intent to deliver, and one count of simultaneous possession of drugs and firearms.

2. Appellant makes no argument on appeal regarding the denial of his motions for an evidentiary hearing and to appoint counsel. Therefore, we need not address those issues, as they have been abandoned for purposes of appeal. *See Hobbs v. Jones,* 2012 Ark. 293, 412 S.W.3d 844.

reasons: (1) failing to impeach one of the State's witnesses; (2) failing to call mitigation witnesses during the sentencing phase of trial; (3) representing appellant despite an alleged conflict of interest; (4) failing to object to comments made by the State in closing arguments; (5) abandoning appellant's appeal; (6) failing to prepare for trial, communicate with appellant, and call witnesses during the penally phase of trial; (7) failing to challenge the jury-selection process. We find no error and affirm the denial of postconviction relief on all points.

■ In an appeal from a circuit court's denial of a petition for postconviction relief under Rule 37.1, the sole question presented is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hickey*, 2013 Ark. 237, 428 S.W.3d 446, 2013 WL 2361052. Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Dansby v. State,* |₂347 Ark. 674, 66 S.W.3d 585 (2002). In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Harrison*, 2012 Ark. 198, 404 S.W.3d 830.

■ With respect to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process rendering the result unreliable. *Id.* There is no reason for a court deciding an ineffective-assistance-of-counsel claim to address both components of the *Strickland* standard if the appellant makes an insufficient showing on one of the prongs. *Id.* (citing *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052).

As his first point on appeal, appellant argues that the circuit court erred in denying relief on his claim that counsel was ineffective in failing to impeach one of the State's witnesses. Specifically, appellant asserts that the testimony of Officer Nathan Atchison regarding a confiscated lockbox containing cocaine, other drug paraphernalia, and a utility-payment receipt bearing appellant's name was a "complete fabrication." Appellant alleged in |₄his petition that had counsel impeached the testimony of Officer Atchison, the following facts would have been revealed: (1) the lockbox was not located in appellant's residence; (2) the key to the lockbox was not found on appellant's person; (3) the utility-payment receipt was not found in the lockbox. Appellant further asserted that Officer Atchison's testimony could have been

impeached through the testimony of Officers Dana Winn and Jared Crabtree, both of whom, he contended, would have testified in accordance with his allegations. The circuit court denied appellant's request for postconviction relief on this point, finding that appellant's allegations were not supported by the record and that appellant failed to show prejudice.

■ Contrary to appellant's assertions, counsel could not have impeached Officer Atchison's testimony regarding the location of the lockbox and key because Officer Atchison did not testify that the lockbox was found in appellant's residence or that the key was found on appellant's person. Rather, Officer Atchison's testimony indicated that the lockbox was retrieved from a nearby residence where appellant was located prior to the execution of the search warrant and that the key to the lockbox was found in appellant's residence after appellant told him where it could be found. Officer Atchison's testimony regarding the location of the lockbox and key was corroborated by the testimony of Officers Winn and Crabtree.

As for Officer Atchison's testimony regarding appellant's utility-payment receipt that was found in the lockbox, the trial record does not support that proper impeachment would have revealed inconsistences in Officer Atchison's testimony; nor does the record support the |₅allegation that counsel failed to impeach Officer Atchison's testimony in this regard. Appellant alleged in his petition that had counsel properly impeached Officer Atchison's testimony by questioning Officers Winn and Crabtree regarding the lockbox and its contents, he would have been able to show the jury that the utility-payment receipt bearing appellant's name was not found in the lockbox. However, Officers Winn and Crabtree were, in fact, questioned regarding the contents of the lockbox. Officer Winn testified on direct and on cross-examination that while her report stated that the receipt was found in the same residence as the lockbox, her recollection is that it was found inside of the lockbox. Finally, Officer Crabtree testified as to his recollection of the contents of the lockbox, stating that he remembered finding a carpet-deodorizer container with a false bottom that contained cocaine inside and small plastic bags.

■ The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Hickey,* 2013 Ark. 237, 428 S.W.3d 446, 2013 WL 2361052. Conclusory allegations unsupported by factual information of counsel's ineffectiveness do not provide a basis for postconviction relief. *Hogan v. State,* 2013 Ark. 223, 2013 WL 2295431 (per curiam); *Adams v. State,* 2013 Ark. 174, 427 S.W.3d 63. Appellant's allegations of ineffectiveness are not supported by the record, and appellant does not offer factual substantiation to establish that counsel failed to properly impeach the testimony of Officer Atchison. Thus, appellant's assertion that counsel was ineffective in failing to impeach Officer Atchison's testimony is unfounded, and the circuit court did not err in denying relief on this point.

|₆As his second point on appeal, appellant argues that the circuit court erred in denying relief on his claim that counsel was ineffective because he failed to present mitigating issues or call witnesses during the sentencing phase of trial. Specifically, appellant asserts that counsel did not call the three mothers of his children who would have testified, according to appellant, that he was a caring father. The circuit court denied relief on this point, finding that the subject-matter to which appellant contended his proposed three witnesses would have testified was covered

by the testimony of appellant and his mother, both of whom testified that appellant was a caring, loving father. The circuit court further ruled that appellant did not adequately show prejudice as a result of counsel's failure to question the three proposed witnesses.

For ineffective-assistance-of-counsel claims based on failure to call a witness, this court has held that it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Smith v. State*, 2010 Ark. 137, 361 S.W.3d 840 (per curiam). This appellant failed to do. Thus, the allegation was conclusory and did not merit further consideration.

Moreover, the failure to call witnesses whose testimony would be cumulative to testimony already presented does not deprive the defense of vital evidence. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. As the circuit court noted in its order, the mitigating factors to which appellant contends the mothers of his children would have testified (i.e., his role as a father) were presented to the jury through the testimony of appellant and his mother. Accordingly, we cannot say that the circuit court erred in declining to find counsel ineffective for failing to call the three witnesses proposed by appellant.

As his third point on appeal, appellant argues that the circuit court erred in denying relief on his claim that counsel was ineffective in representing conflicting interests. Specifically, appellant asserts that counsel was involved in another lawsuit involving the grandparents of one of appellant's children and that counsel was related to the mother of one of his children. The circuit court found appellant's allegations to be conclusory and further found that appellant did not show prejudice.

It is well settled that prejudice is presumed only where counsel actively represents conflicting interests, and an actual conflict adversely affected counsel's performance. *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam). An allegation consisting of the mere belief that a division of loyalties existed is not sufficient. *Id.* It was appellant's burden to show that an actual conflict was created by counsel's alleged involvement with the grandparents and mother of one of his children. Here, appellant failed to identify the lawsuit existing between counsel and his child's grandparents and failed to name the individual to whom he contended counsel was related and identify the degree of relationship. Additionally, appellant failed to show how counsel's alleged conflict of interest adversely affected his performance. Accordingly, we find no error in the circuit court's denial of relief on this point.

Appellant next argues that the circuit court erred in denying relief on his claim that counsel was ineffective in failing to object to certain statements made by the State in its closing arguments during the sentencing phase of trial. Appellant alleged in his petition that during closing arguments, the State purported that appellant was "one of the largest drug dealers in northwest Arkansas," that appellant lied during his testimony, and that appellant's children "would be better off without [appellant] in their lives." However, appellant fails to cite to any part of the record where such statements were made; nor does he show how he was prejudiced by counsel's failure to object.

With regard to the statement that appellant was one of the larger drug dealers in Northwest Arkansas, the record reflects that counsel addressed this in his own closing arguments, calling it a misnomer. Additionally, counsel responded to the

State's comment regarding appellant's children, requesting that the jury return a lesser sentence and afford appellant the opportunity to foster a meaningful relationship with his children.

■ The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Payton v. State*, 2011 Ark. 217, 2011 WL 1805340 (per curiam). Here, appellant has not sustained his burden, as his argument on this point is nothing more than a conclusory allegation that the State's comments during closing arguments were "highly prejudicial and improper." Accordingly, appellant has not demonstrated that counsel was ineffective or that he was prejudiced as a result.

■ As his fifth point on appeal, appellant argues that the circuit court erred in denying postconviction relief where counsel "abandoned" him during the appellate process and failed to perfect an appeal. However, appellant acknowledged in his petition that counsel filed a ⌊9notice of appeal on his behalf. Appellant did, in fact, perfect an appeal and was represented by different counsel on appeal, so he cannot show that he was prejudiced by any failure of trial counsel in this regard. Because appellant's argument on this point is wholly lacking proof of prejudice, it falls short of meeting the two-pronged *Strickland* standard for ineffective assistance of counsel, and, thus, we cannot say that the circuit court erred in denying relief on this point.

Appellant next argues that the circuit court erred in denying relief on his claim that counsel was ineffective in failing to adequately prepare or "investigate the issues of the case," failing to communicate with appellant in preparation of trial, and failing to contact witnesses identified by

appellant. In its order denying postconviction relief, the circuit court found that appellant appeared in court with counsel on nine separate occasions prior to trial and ruled that appellant's allegation regarding a lack of communication was conclusory, as appellant failed to state what further communication with counsel would have produced and also failed to state how his counsel's level of communication prejudiced the outcome of the case. The circuit court further found that appellant's petition failed to identify the witnesses that he contended counsel should have called and also failed to show prejudice as a result of counsel's failure to call such witnesses. We agree.

■ The burden is on the petitioner to demonstrate how a more searching pretrial investigation would have changed the results of trial. *Watson v. State*, 2012 Ark. 27, 2012 WL 234634 (per curiam). Appellant did not set forth any facts in the petition to demonstrate that, had counsel performed · further investigation or engaged in further attorney-client communication, he⌊10could have presented any additional witnesses or evidence so as to change the result of the trial. The petition contained only the conclusory statement that counsel neglected to perform an investigation or to communicate with appellant until one week prior to trial.[3] Such conclusory statements cannot form the basis of postconviction relief. *Id.*

Regarding appellant's claim that counsel did not contact witnesses identified by appellant, as we previously noted, a petitioner claiming ineffective assistance of counsel for failure to call a witness, must name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Smith*, 2010 Ark. 137, 361 S.W.3d 840. Appellant failed to do so.

---

3. Further, as the circuit court noted in its order, the record reflects that appellant appeared in court with counsel on several occasions to attend omnibus and pretrial hearings.

Finally, appellant argues that the circuit court erred in denying relief on his claim that counsel was ineffective in failing to challenge the jury-selection process. In his petition, appellant alleged that had counsel raised the issue, he could have shown that the jury pool did not constitute a fair cross-section of the community and that African Americans were excluded from the pool. The circuit court denied appellant's claim as conclusory, as he did not offer any proof to substantiate his allegation.

The State may not deliberately or systematically deny to members of a defendant's race the right to participate, as jurors, in the administration of justice. *Gwathney v. State,* 2009 Ark. 544, 381 S.W.3d 744; *Navarro v. State,* 371 Ark. 179, 264 S.W.3d 530 (2007). However, there is no requirement that the jury actually seated in a defendant's case mirror the community and reflect the various distinctive groups of the population. *Thomas v. State,* 370 Ark. 70, 257 S.W.3d 92 (2007).

In the instant case, appellant does not provide any proof that African Americans were systematically excluded from the jury pool or that the selection process was skewed to exclude African Americans. Thus, appellant's allegations are conclusory and insufficient to overcome the presumption that counsel was effective. *See Carter v. State,* 2010 Ark. 231, 364 S.W.3d 46 (per curiam). Accordingly, the circuit court did not err in denying relief on this point.

For these reasons, we affirm the circuit court's denial of postconviction relief on all points.

Affirmed.