WAYMOND M. BROWN, Judge
Appellant Dameion Williams appeals from the order of the Pope County Circuit Court denying his petition for Rule 37 postconviction relief. He contends that the circuit court erred in failing to hold an evidentiary hearing on his claims of ineffective assistance of counsel. We affirm.
Williams was convicted by a jury of aggravated robbery, attempted murder in the first degree, and battery in the first degree. He was sentenced to an aggregate term of 35 years' incarceration in the Arkansas Department of Correction. His conviction and sentence were affirmed by this court in Williams v. State , 2017 Ark. App. 198, 517 S.W.3d 446. Williams then filed a petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2017), raising claims of ineffective assistance of counsel. Without holding an evidentiary hearing, the circuit court entered an order with written findings denying his request for postconviction relief. Williams then appealed the circuit court's denial of his Rule 37 petition. Noting abstracting deficiencies and citing noncompliance with Arkansas Supreme Court Rule 4-2(a)(5), we ordered Williams to file a substituted abstract, brief, and addendum that complies with our rules.
Williams filed his new brief, correcting the deficiencies in the abstract as ordered. However, we note that Williams not only corrected his abstract but also made changes to the argument portion of his brief, adding a claim that his counsel was *365 ineffective in regard to the cross-examination of the victim, Allicia Brown. We will not address the merits of this new claim for two reasons.
As an initial matter, Rule 37 provides that all grounds for postconviction relief must be asserted in the original petition. Ark. R. Crim. P. 37.2(b) ; Hayes v. State , 2011 Ark. 327, 383 S.W.3d 824. Because we do not consider issues that are raised for the first time on appeal, appellant's argument with respect to the cross-examination of the victim is not preserved for our review. See Rasul v. State , 2015 Ark. 118, 458 S.W.3d 722.
Secondly, we take the opportunity to note that the changes made to the argument section of Williams's substituted brief, in which he added an additional claim for relief, went beyond the scope of our rebriefing order. In Hall v. State , the State pointed out that the abstract section of Hall's brief was deficient. 324 Ark. 431, 921 S.W.2d 929 (per curiam). In response, Hall sought permission, which the court granted, to correct the abstract and file a substituted brief. Id. In his new brief, Hall not only corrected the abstract but rewrote the argument section, as well. Id. The State then moved to strike Hall's substituted brief, or alternatively, asked the court to consider only Hall's original brief. Id. The supreme court directed that Hall's appellate brief properly contained the substituted abstract and the original argument. Id. Despite the State's failure to move for such a remedy here, we hold that the same outcome is proper in the case at bar.
On appeal from a trial court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. Hogan v. State , 2013 Ark. 223, 2013 WL 2295431. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. Id.
On appeal, Williams argues that the circuit court erred in not holding an evidentiary hearing on his ineffective-assistance-of-counsel claims. He specifically contends that his counsel was ineffective (1) for failing to adequately prepare for trial, (2) for failing to effectually cross-examine Detective Barker, (3) for failing to obtain a ruling on his proposed jury instruction, and (4) for submitting a subpar appellate brief to this court on direct appeal.
The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to Strickland , we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. Williams v. State , 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. Abernathy v. State , 2012 Ark. 59, 386 S.W.3d 477 (per curiam). A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.
Second, the petitioner must show that counsel's deficient performance *366 so prejudiced petitioner's defense that he was deprived of a fair trial. Id. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. Howard v. State , 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Id. Additionally, conclusory statements that counsel was ineffective cannot be the basis of postconviction relief. Anderson v. State , 2011 Ark. 488, 385 S.W.3d 783.
For his first point on appeal, Williams argues that his trial counsel provided ineffective assistance because he was inadequately prepared for trial. Specifically, Williams asserts that counsel waited until the last minute to subpoena Zach Stokes, the co-defendant. Williams argues that he expected Stokes to exonerate him by testifying that while the victim identified Stokes as one of the robbers, Williams was not with him on the night in question.
To prevail on a claim that trial counsel was ineffective for failing to adequately investigate and prepare for trial, the petitioner must show how a more searching pretrial investigation or better preparation would have changed the results of the trial. Bond v. State , 2013 Ark. 298, 429 S.W.3d 185 (per curiam). The petitioner must delineate the actual prejudice that arose from the alleged failure to investigate and prepare for trial and demonstrate a reasonable probability that additional preparation and the information that would have been discovered with further investigation could have changed the outcome of the trial. Id. A petitioner cannot succeed on an ineffective assistance claim by merely alleging that counsel was not prepared. Id.
Any alleged lack of preparation on counsel's part had no effect on whether or not Stokes testified. Stokes invoked his Fifth Amendment right against self-incrimination. A co-defendant cannot be forced to testify once he has asserted his Fifth Amendment privilege. Hamm v. State , 301 Ark. 154, 782 S.W.2d 577 (1990). Therefore, Williams cannot establish that he suffered any actual prejudice or in what manner any additional preparation on counsel's part could have changed the outcome of the trial. We affirm on this point.
Williams also argues that his trial counsel provided ineffective assistance during the cross-examination of Detective Barker. He specifically alleges that he was prejudiced by counsel's failure to elicit testimony from Detective Barker regarding the investigation of other possible suspects. Zinger v. State provides that evidence of a third party's culpability requires direct or circumstantial evidence linking the third person to the crime. 313 Ark. 70, 852 S.W.2d 320 (1993). Evidence which only creates an inference or conjecture as to another's guilt is inadmissible. Id. At trial, counsel attempted to cross-examine Detective Barker regarding other suspects that were interviewed. However, the State objected pursuant to Zinger , and the trial court sustained the objection. Williams has provided no persuasive argument as to how counsel could have overcome the State's objection under Zinger . We affirm on this point.
Next, Williams argues that his counsel also provided ineffective assistance on appeal. He asserts that he was prejudiced by counsel's failure to cite legal authority on direct appeal to support his *367 argument regarding codefendant Stokes's ability to testify despite the invocation of his Fifth Amendment privilege. The petitioner claiming that appellate counsel was ineffective must make a clear showing that counsel failed to raise some meritorious issue on appeal. Moore v. State , 2011 Ark. 269, 2011 WL 2412787 (per curiam). Here, Williams makes no specific argument as to the merit of the issue, stating only that it "could have made all the difference." Conclusory statements cannot be the basis for postconviction relief. Hogan v. State , 2013 Ark. 223, 2013 WL 2295431.
He also contends that his counsel was ineffective and not functioning as counsel guaranteed by the Sixth Amendment when he failed to obtain a ruling on a proposed jury instruction thereby removing the issue from the purview of the appellate court. Prior to trial, Williams requested a jury instruction allowing jurors to draw a negative inference from a missing surveillance video. The circuit court stated that it would "revisit [the issue] again but [it has] got to hear some proof." However, because Williams never raised the jury instruction issue again, the circuit court never ruled on it. An appellant must obtain a ruling on his or her argument to preserve the matter for appeal. Vaughn v. State , 2015 Ark. App. 136, 456 S.W.3d 767.
In order to prevail on an ineffective-assistance claim based on counsel's failure to preserve an issue for appeal, a petitioner is required to demonstrate that, had the issue been preserved, the appellate court would have reached a different decision. Strain v. State , 2012 Ark. 42, 394 S.W.3d 294. Here, Williams makes no such argument. He again merely states "this issue could have made all the difference in the results of the appeal." Williams has failed to meet his burden of demonstrating a meritorious argument.
Additionally, Williams's contention that the circuit court erred by denying his Rule 37 petition without holding an evidentiary hearing on his ineffective-assistance-of-counsel claims is without merit. Arkansas Rule of Criminal Procedure 37.3 requires an evidentiary hearing be held in a postconviction proceeding unless the petition, files, and records of the case conclusively show that the prisoner is entitled to no relief. England v. State , 2018 Ark. App. 137, 543 S.W.3d 553. If the petition and record conclusively show that the petitioner is not entitled to relief, the circuit court is required to make written findings to that effect, "specifying any parts of the files, or records that are relied upon to sustain the court's findings." Van Winkle v. State , 2016 Ark. 98, 486 S.W.3d 778. Here, upon review, we hold that the files and records of the case conclusively established that Williams was entitled to no relief, and the circuit court made the requisite findings.
For the reasons stated herein, we affirm the circuit court's denial of Williams's petition for postconviction relief.
Affirmed.
Gruber, C.J., and Hixson, J., agree.