Cite as 2020 Ark. App. 137

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-19-294

| | | |
|---|---|---|
| JERRY NUTT | | **Opinion Delivered:** February 26, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-16-1478] |
| V. | | |
| | | HONORABLE LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Jerry Nutt appeals from the Pulaski County Circuit Court's order denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Having reviewed the evidence in the record and the testimony of Nutt's former counsel, we hold that the circuit court did not err by denying postconviction relief and we affirm.

Nutt was charged with one count of rape of a minor child as well as related felony offenses of trafficking of a minor for sex, computer exploitation of children, and sentencing enhancements. At a hearing on June 12, 2017, Nutt entered a negotiated guilty plea to an amended single charge of rape by forcible compulsion and an enhancement for being a habitual criminal. In exchange for the plea, the prosecutor nolle prossed the other felony charges and a two-strike enhancement.

On the record, Nutt stated his understanding and acceptance of the charges and the plea, and he acknowledged the waiver of a jury trial and related rights as well as his

opportunity to consult with counsel. He executed a plea statement to the same effect. The circuit court accepted the prosecutor's recommended sentence of twenty years' imprisonment. The sentencing order was entered on June 21, 2017.

On September 12, 2017, Nutt filed a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2017). He asserted various claims of ineffective assistance of counsel. The circuit court held a hearing on the petition on February 16, 2018, and entered an order denying postconviction relief on July 9, 2018. Nutt filed an untimely notice of appeal. He then tendered the record and filed a pro se motion with the Arkansas Supreme Court seeking permission to file a belated appeal. Our supreme court granted the belated appeal and transferred the case to our court. It is now properly before us, and we turn to the merits of Nutt's appeal.

In his pro se brief on appeal, Nutt argues his trial attorney was ineffective for not adequately investigating the facts of the case and for failing to share discovery about those facts prior to advising him to plead guilty. He adds a claim, not argued below, that during the Rule 37 hearing, his former counsel gave "incompetent [and] false testimony" that, he argues, unconstitutionally and prejudicially undermined the outcome of the postconviction proceeding. For the following reasons, we affirm.

Our standard of review in Rule 37 petitions is well settled. On appeal from a circuit court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Wood v. State*, 2015 Ark. 477, at 2–3, 478 S.W.3d 194, 197. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing

2

the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

For claims of ineffective assistance of counsel, we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). In asserting ineffective assistance of counsel under *Strickland*, the petitioner first must demonstrate that counsel's performance was deficient. *Watson v. State*, 2014 Ark. 203, at 3, 444 S.W.3d 835, 838–39. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id.* This requires the petitioner to show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

On appeal, although Nutt initially complains of a "coerced" guilty plea, the substance of his claim alleges ineffective performance by his appointed counsel in advising him prior to entering his guilty plea. Nutt contends the DNA analysis of semen samples "conclusively

3

excluded" him as a potential donor, and his trial counsel failed to advise him of this or to share discovery of this fact and instead advised that the DNA evidence was incriminating. He also maintains that his trial counsel inadequately advised him regarding the limits and reliability of one of the types of DNA analysis performed—Y-STR analysis. Nutt further alleges that his counsel failed to provide him with discovery, withholding "vital evidence" from Nutt.

Nutt's claims lack merit, and the denial of postconviction relief is affirmed. When a defendant pleads guilty, the only claims cognizable under Rule 37.1 are that the plea was not made voluntarily or intelligently or that it was entered without the advice of competent counsel. *E.g.*, *Mancia v. State*, 2015 Ark. 115, at 11, 459 S.W.3d 259, 267. The burden is entirely on the claimant to provide facts that affirmatively support any claim of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting a Rule 37.1 petition. *E.g.*, *Winters v. State*, 2014 Ark. 399, at 6, 441 S.W.3d 22, 26–27. The defendant's later belief that he made a mistake by pleading guilty is not a basis for setting aside the plea. *E.g.*, *Akin v. State*, 2011 Ark. 477, at 3 (per curiam). A defendant who, when pleading guilty, represents to the circuit court that he understands his rights and that there is no force or compulsion will not later be allowed to dispute those representations in postconviction proceedings. *E.g.*, *Green v. State*, 362 Ark. 459, 467, 209 S.W.3d 339, 343 (2005).

In making a determination of ineffective assistance of counsel, the totality of the evidence must be considered. *Springs v. State*, 2012 Ark. 87, at 3, 387 S.W.3d 143, 147. Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction

4

resulted from a breakdown in the adversarial process that renders the result unreliable. *Sales v. State*, 2014 Ark. 384, at 6, 441 S.W.3d 883, 887. We also recognize that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *See id.* (quoting *Strickland*, 466 U.S. at 697).

Nutt's claim regarding ineffective assistance does not demonstrate a constitutionally deficient performance by his trial counsel or a showing of prejudice as required by *Strickland*. Nutt does not dispute that he admitted he committed the rape when he pleaded guilty to the charge in open court and signed a plea agreement to that effect. Moreover, Nutt represented that he understood his rights and had not been coerced or compelled into entering the plea.

Nutt's contentions fail to overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. The circuit court's order reflects that it disagreed with Nutt's argument and characterizations of the DNA evidence. During the Rule 37 hearing, Nutt argued that the DNA evidence excluded him as the person having sexual contact with the minor child, K.R. Nutt also contends that other DNA samples established that John Nutt, who is related to him, was a donor with scientific certainty. However, his former trial counsel disagreed that the DNA evidence excluded Nutt on the basis of state crime laboratory reports that were in the court's file. While an initial report did not find DNA connecting Nutt with K.R., a supplemental report with further DNA analysis did connect Nutt to K.R., a fact that was discussed with Nutt during two or three conversations before he entered his guilty plea. This was reflected in the circuit court's order denying Nutt's ineffective-assistance-of-counsel claim.

Nutt also argues that he was prejudiced by his trial counsel's withholding the "probative evidence" of the DNA reports and other unspecified discovery before he entered a guilty plea. Nutt attached a letter received from his former trial counsel that was discussed, but not admitted, at the Rule 37 hearing that explained his counsel's general policy of not forwarding discovery to clients who are incarcerated due to the risk of damage to their cases.

Nutt's former counsel testified at the Rule 37 hearing that Nutt understood and agreed with this policy and that he had gone over in detail every item of discovery with Nutt. The circuit court determined that Nutt had not established a correlation between his not receiving discovery and his decision to enter the plea of guilty. Although it was Nutt's burden to prove cause and prejudice to support his claim of ineffective assistance below, Nutt did not testify, and he presented no other witness in support of his allegations. In denying relief, the circuit court implicitly found the testimony of Nutt's former trial counsel to be credible. *E.g.*, *State v. Estrada*, 2013 Ark. 89, at 5, 426 S.W.3d 405, 409 (appellate courts defer to circuit court's determination on matters of credibility in a Rule 37.1 appeal). Thus, since Nutt did not present any evidence to show deficient performance on the part of his trial counsel, the circuit court did not err by ruling that "Nutt's argument fails as it is a bare assertion and provides no facts to affirmatively support his claims."

The record demonstrates that Nutt's plea was entered intelligently and voluntarily with the advice of competent counsel. *E.g.*, *Mancia*, 2015 Ark. 115, at 10, 459 S.W.3d at 267. Under *Strickland*, when a claimant fails to overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, the court need not address the second prong, the prejudice requirement. *E.g.*, *Williams v. State*, 2011 Ark. 489, at 11, 385 S.W.3d 228, 236. While Nutt claims that he was "left thunderstruck"

6

and "bamboozled," we hold he has not overcome his burden here.

For his second issue on appeal, Nutt argues that the Rule 37 hearing was not "fair & reliable." He alleges that his former trial counsel gave the "same incompetent [and] false testimony at [the] Rule 37 hearing, that petitioner's DNA was found on victim[.]" Nutt contends that his former counsel's allegedly false statements during the Rule 37.1 proceeding "unconstitutionally & prejudicially left the confidence that the proceeding was fair & reliable in doubt."

It is difficult to ascertain the claim Nutt is making on appeal. Whatever the claim may be, it was not preserved by any ruling in the proceeding below. *E.g.*, *Hogan v. State*, 2013 Ark. 223, at 2 (per curiam) (when appellant fails to obtain ruling on each claim made in postconviction proceeding, unless the circuit court summarily disposes of petition under Rule 37.3(a), the appellate court is precluded from addressing omitted issues on appeal). Nutt never filed a timely request for a ruling on any omitted issue in the Rule 37.1 proceeding, and the failure to obtain a ruling on an issue precludes us from reviewing it on appeal. *See, e.g.*, *Lewis v. State*, 2012 Ark. 255, at 3–4, 423 S.W.3d 16, 18–19. Accordingly, we affirm the circuit court's decision to deny Nutt's petition for Rule 37.1 relief.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Jerry Nutt*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.