Cite as 2020 Ark. App. 399

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-120

|  |  |
|---|---|
| | **Opinion Delivered:** September 16, 2020 |
| WILLIE ANTONE MATLOCK<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. 47BCR-16-281]<br><br>HONORABLE RALPH WILSON, JR., JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

A Mississippi County jury convicted appellant Willie Antone Matlock of rape, and he was sentenced to twenty-five years' imprisonment. This court affirmed his conviction on direct appeal in *Matlock v. State*, 2019 Ark. App. 470, 588 S.W.3d 152. Matlock subsequently filed a pro se petition seeking postconviction relief pursuant to Ark. R. Crim. P. 37.1, which the trial court denied without holding an evidentiary hearing. We affirm the trial court's denial of Matlock's petition for postconviction relief.

### I. *Background*

In Matlock's pro se petition, he alleged three grounds for postconviction relief. First, he argued that he was denied a fair and impartial trial and that his trial counsel did not call witnesses who could prove his case. Second, he argued that he was denied due process of

law because his trial counsel did not introduce "evidence and much more." Third, Matlock argued that he was denied his right to a speedy trial because his trial counsel sought six continuances over two years. In a handwritten attachment to the petition, Matlock asserted only two grounds: (1) he was improperly detained for fourteen days between his arrest and first appearance, and (2) trial counsel was ineffective.

The trial court concluded that Matlock's petition was without merit and thus summarily denied and dismissed it. The trial court found that Matlock had made only conclusory and general allegations, that some of his claims were not cognizable in Rule 37 proceedings, and that his claim of ineffective assistance of counsel involved matters of trial strategy and tactics.

## II. *Standard of Review*

When reviewing a trial court's ruling on a Rule 37 petition, we will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Draft v. State*, 2020 Ark. App. 171, 596 S.W.3d 585. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

## III. *Discussion*

As an initial matter, Rule 37 provides that all grounds for postconviction relief must be asserted in the original petition. Ark. R. Crim. P. 37.2(b); *Williams v. State*, 2019 Ark. App. 58, 569 S.W.3d 361. On appeal, Matlock lists seven points but makes six arguments in his brief, which do not perfectly correspond with each other. Matlock includes two points involving the trial court's denial of his request for leave to file an amended or supplemental

2

petition for postconviction relief. After his pro se petition was denied, Matlock requested leave to file an amended or supplemental petition to identify grounds that he was unaware of at the time he filed his pro se petition for relief. The trial court denied his request. Matlock's notice of appeal indicates that he appeals the denial of his petition for postconviction relief, not the denial of his request for leave to file an amended or supplemental petition. We will not address the points involving his request to file an amended petition.

## A. Sufficiency of the Evidence

Matlock argues that the jury did not hear how the victim's "story" had changed and that witnesses failed to testify about the conclusion reached by a sexual-assault nurse examiner who said that an assault did not occur. Matlock also argues that the victim's mother was motivated to lie because he had broken off their relationship shortly before the victim's allegations. Matlock's argument challenging the witnesses' credibility and the sufficiency of the evidence was addressed in his direct appeal by this court when we affirmed his conviction. *Matlock, supra*. Further, sufficiency is not cognizable in Rule 37 proceedings. *Henson v. State*, 2015 Ark. 302, 468 S.W.3d 264.

## B. Detainment Before First Appearance

In his Rule 37 petition, Matlock argued that he should not have been detained in Craighead County for fourteen days on a misdemeanor charge before his first appearance on a felony charge in Mississippi County because the felony should have taken precedence over the misdemeanor. The trial court assumed Matlock's argument pertained to a speedy-trial issue. Matlock raises no speedy-trial issue on appeal.

3

Further, Matlock's argument on appeal has changed in that he now asserts that the trial court stated incorrect dates for his arrest and first appearance in an attempt to hide the fact that he had been improperly detained for fourteen days. The appellate courts do not address arguments that are raised for the first time on appeal. *Williams v. State*, 2019 Ark. 129, 571 S.W.3d 921. Appellants are bound by the arguments raised in the trial court and the scope and nature of those arguments as presented to the trial court. *Id.*

## C. Discovery Violation

Matlock contends that the prosecutor was required to turn over any information that could negate his (Matlock's) guilt but that the prosecutor was permitted to introduce "an updated note" allegedly written by the victim that had not been given to his counsel until the second day of trial. Matlock did not make this specific argument below; however, with respect to his ineffective-assistance-of-counsel claim, Matlock argued that trial counsel did not give him a copy of a motion for discovery, and he mentions a note from the victim that was introduced at trial, which allegedly contradicted the victim's earlier statement. To the extent Matlock's argument is preserved, an allegation that the State violated discovery rules is not cognizable in Rule 37 proceedings. *Flemons v. State*, 2016 Ark. 460, 505 S.W.3d 196.

## D. Ineffective Assistance of Counsel

Matlock argues that his trial counsel was ineffective. The benchmark for judging a claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668 (1984). Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising

4

a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Douglas v. State*, 2019 Ark. 57, 567 S.W.3d 483. A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Id.* A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Id.* The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*

First, Matlock contends that trial counsel filed many continuances under the pretense of preparing for trial and investigating leads but that trial counsel did not put on any defense at all and did more harm than good.[1] Conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief, and we do not research or develop arguments for appellants. *Shadwick v. State*, 2017 Ark. App. 243, 519 S.W.3d 722.

---

[1]Matlock abandoned his argument that trial counsel was ineffective for failing to secure Matlock's right to a speedy trial.

Second, Matlock argues on appeal that trial counsel should have clarified that Matlock did not flee the jurisdiction to avoid an arrest warrant and was merely working out of town. Because Matlock failed to make this particular argument below or get a ruling on it, it is not preserved for review. *Nutt v. State*, 2020 Ark. App. 137, 594 S.W.3d 907.

Third, Matlock argues that trial counsel should have used the victim's initial statement to police to challenge the victim's later testimony at trial in order to show that the victim was not credible. Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. *Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107.

Fourth, Matlock contends that he had given trial counsel a list of witness names but that counsel did not contact those witnesses or call them to testify. An ineffective-assistance-of-counsel claim based on trial counsel's failure to call a witness requires that a petitioner name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible. *Boyd v. State*, 2017 Ark. App. 592, 534 S.W.3d 732. If a petitioner fails to provide the trial court with the necessary information, "the allegation [is] conclusory and [does] not merit further consideration." *Bond v. State*, 2013 Ark. 298, at 6, 429 S.W.3d 185, 191. Matlock further contends that trial counsel should have done more than "halfway cross-examine the State's witnesses." Because Matlock does not elaborate on his conclusory assertion, we need not consider it. *Id.*

Matlock contends that trial counsel's failings as set forth above were "done on purpose" because after Matlock was convicted, trial counsel told him that he does not do

appeals and that Matlock had thirty days to hire other counsel to prepare his appeal. Matlock raised this point below, but because he does not explain how trial counsel's remarks show that he purposefully "failed" him, we do not address his conclusory statement. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

### E. Collusion of Trial Counsel, Judge, and Circuit Clerk

Matlock states that trial counsel told the judge, "Your Honor, I think I've done pleas in your court and this is the first time trying a case. I think we have got a civil case in about 45 days. It was a pleasure." Matlock argues that trial counsel's comment to the judge at the conclusion of the trial shows that he was "trying to earn points with Judge Wilson by throwing [Matlock] to the wolves." Matlock did not make this argument in his Rule 37 petition and thus did not get a ruling; therefore, it is not preserved for review. *Nutt, supra.*

Matlock makes several other arguments that are either conclusory or not preserved or both. First, he states that he attempted to introduce evidence that trial counsel would not seek to introduce at trial but that neither his appellate attorney nor the trial court would consider the evidence.[2] Matlock asserts that this was to cover up the fact that his trial was unfair. Matlock further maintains that there was false documentation submitted concerning his court appearances. Matlock also argues that he sent pro se motions to the clerk's office that were returned unmarked and had not been filed. None of these arguments were made in Matlock's Rule 37 petition; thus, he obtained no ruling on them. The arguments are neither preserved nor sufficiently developed. *Nutt, supra.*

---

[2]Matlock referred in his petition to documentation that his trial counsel would not provide to him, "CR–2016–281 and Incident 2016–01253," but he was not more specific than that.

IV. *Conclusion*

We find no error and affirm the trial court's denial of Matlock's Rule 37 petition because Matlock's arguments are not cognizable in Rule 37 proceedings, not preserved, or not developed.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Willie Antone Matlock*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.