Cite as 2020 Ark. App. 460

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR–19–699

| | |
|---|---|
| MARLON TRAMAIN MYERS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** October 7, 2020<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. 66FCR–09–1011, 66FCR–18–145 & 66FCR–18–395]<br><br>HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br>AFFIRMED |

**BART F. VIRDEN, Judge**

Appellant Marlon Tramain Myers appeals the Sebastian County Circuit Court's revocation of his probation. We affirm.

Myers pleaded guilty in 2009 to the crime of first-degree domestic battery and was sentenced to six years' imprisonment in the Arkansas Department of Correction (ADC) followed by fourteen years' suspended imposition of sentence. Additionally, Myers was ordered to pay fees and costs related to the public defender. Myers was released on parole from the ADC in June 2011.

In October 2013, Myers was arrested and charged with driving while intoxicated, careless driving, driving with a suspended license, and refusal to submit to chemical testing. The State filed a petition to revoke, and after a hearing, the circuit court revoked Myers's

suspended sentence and sentenced him to serve four years in the ADC plus an additional ten years' suspended imposition of sentence. Myers was paroled in January 2015.

In March 2018, Myers was charged with failure to appear, to which he pleaded guilty, and he entered a plea of no contest to the new charge of aggravated assault on a family member. Myers was sentenced to two years' imprisonment in the ADC with an additional four years' suspended imposition of sentence to run concurrently with his existing sentences, and he was ordered to have no contact with Shameer Flanigan. Myers was ordered to pay court costs. In July 2018, Myers was released from the ADC.

In April 2019, the State filed a petition to revoke Myers's probation alleging that Myers violated the no-contact order and failed to pay fines. Myers filed a motion to dismiss the petition to revoke, and the circuit court held a hearing on the matter. Myers testified that he had been arrested on May 25, 2019, on the petition to revoke and other misdemeanor charges, and his attorney advised him to refuse the State's offer regarding the misdemeanor charges until he went to trial on the petition to revoke. Myers explained that he was incarcerated for over sixty days without a hearing on the petition to revoke; thus, the petition should be dismissed. The circuit court denied the motion, finding that Myers was in jail for the district court charges as well as the petition to revoke; therefore, the sixty-day period did not begin until he was no longer being held on the district court charges.

Immediately after the hearing on the motion to dismiss, the circuit court held a revocation hearing. The State entered a payment ledger into evidence showing that Myers was $815 in arears on fines, fees, and costs. The only witness, Officer Michael Coder of the Fort Smith Police Department, testified that in January, he was dispatched to investigate a

2

possible stabbing. When Coder arrived at the scene, he found Myers receiving medical attention for neck and back wounds. Myers stated that Shameer Flanigan had stabbed him. Flanigan lived nearby, and Coder followed a blood trail to her home. Coder explained that Flanigan told him that she heard a knock at the door, and when she opened it, Myers was there and began to choke her. She stabbed him in self-defense.

Myers moved to dismiss the petition arguing that the State had not proved he contacted Flanigan in violation of the terms of his probation. The court then asked Myers, "[W]hat about the non-payment of $815?" Myers explained that he was making payments on his arrearage and would like the court to allow him to continue. The court denied the motion to dismiss. Myers requested that he be allowed to cross-examine Officer Coder, and the court denied his request.

The circuit court found that the State had proved Myers violated the terms of his suspended sentence. The court revoked Myers's probation, and he was sentenced to ten years' imprisonment in the ADC followed by an additional four years' suspended imposition of sentence.

Counsel for Myers filed a no-merit brief and a motion to withdraw, and Myers filed pro se points for reversal. We ordered counsel to rebrief, and her motion was denied because

3

she failed to address at least two adverse rulings. *See Myers v. State*, 2020 Ark. App. 326. Counsel refiled a merit brief.[1]

On appeal, Myers asserts that the circuit court erred in denying his motion to dismiss because the State did not offer sufficient evidence that Myers violated the terms of his suspended sentence. Specifically, Myers argues that the State did not prove that Myers had contact with Shameer Flanigan. He is wrong.

The State need only show that the appellant committed one violation in order to sustain a revocation of probation. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151. Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Id.* On appeal from a revocation of probation, our court gives due regard to the circuit court's superior position in determining the credibility of witnesses and weight to be given their testimony. *Id.* The State's burden of proof in a probation-revocation proceeding is less than the burden of proof required to convict in a criminal trial, and evidence insufficient for a conviction at a criminal trial may be sufficient for revocation. *Clark v. State*, 2019 Ark. App. 158, 573 S.W.3d 551.

The circuit court did not err in finding that there was sufficient evidence to support revocation. Myers's conditions of probation required, in part, that he (1) pay all fines and

---

[1]Because appellate counsel refiled an adversarial merit brief, we do not address the pro se points Myers initially raised in the no merit appeal. *See Brewer v. State*, 371 Ark. 532, 268 S.W.3d 332 (2007).

costs as ordered, and (2) have no contact with Shameer Flanigan. At the hearing, Officer Coder testified that he was dispatched to 1211 North 38th Street in Fort Smith. When he arrived at that address, Myers was receiving medical aid for wounds to his neck and back. Myers told Coder that Shameer Flanigan had stabbed him. Flanigan, who lived two doors down from the address where Myers was receiving medical attention, confirmed Myers's story. Officer Coder testified that a blood trail stretched between Myers's and Flanigan's residences. We affirm the circuit court's determination that Myers violated the terms of his probation.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*King Law Group PLLC*, by: *Natalie S. King*, for appellant.

One brief only.