Cite as 2021 Ark. App. 449

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-21-21

| | |
|---|---|
| MARLON TRAMAIN MYERS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** November 17, 2021<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. 66FCR-09-1011, 66FCR-18-145 & 66FCR-18-395 ]<br><br>HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Appellant Marlon Tramain Myers appealed the Sebastian County Circuit Court's revocation of his probation, and we affirmed the revocation. *See Myers v. State*, 2020 Ark. App. 460, 608 S.W.3d 635. Now, Myers appeals the circuit court's denial of his Rule 37 ineffective-assistance-of-counsel petition. We affirm.

### I. *Relevant Facts*

Myers pleaded guilty on October 28, 2009, to the crime of first-degree domestic battery and was sentenced to six years' imprisonment in the Arkansas Department of Correction (ADC) followed by fourteen years' suspended imposition of sentence. Additionally, he was ordered to pay fines, fees, and costs.

On October 26, 2013, Myers was arrested on new criminal charges including driving while intoxicated, careless driving, driving while license suspended, and refusal to submit to

chemical testing. The State filed a petition to revoke, and in December, the circuit court revoked Myers's suspended sentence. He was sentenced to four years' imprisonment in the ADC plus an additional ten years' suspended imposition of sentence. In January 2015, Myers was released.

On March 11, 2018, Myers was charged with failure to appear, to which he pleaded guilty, and he entered a plea of no contest to the new charge of aggravated assault on a family member. Myers was sentenced to two years' imprisonment in the ADC with an additional four years' suspended imposition of sentence to run concurrently with his existing sentences, and he was ordered to have no contact with Shameer Flanigan. Myers was ordered to pay court costs. In July 2018, Myers was released from the ADC.

In April 2019, the State filed a petition to revoke Myers's probation alleging that Myers had violated the no-contact order and failed to pay fines. On August 15, Myers filed a motion to dismiss the petition to revoke arguing that the required hearing within sixty days of filing the petition had not occurred, and he should be released. The circuit court held a hearing on the matter the next day. Myers testified that he had been arrested on May 25, 2019, on the petition to revoke warrant and other misdemeanor charges, and his attorney advised him to refuse the State's offer regarding the misdemeanor charges until he went to trial on the petition to revoke. Myers explained that he had been incarcerated for over sixty days without a hearing on the petition to revoke; thus, the petition should be dismissed. The circuit court denied the motion, finding that Myers was in jail for the district court charges as well as the petition to revoke; therefore, the sixty-day period did not begin until he was no longer being held on the district court charges.

Immediately after the hearing on the motion to dismiss, the circuit court addressed the petition to revoke. The State entered a payment ledger into evidence showing that Myers was $815 in arrears on fines, fees, and costs. The only witness, Officer Michael Coder of the Fort Smith Police Department, testified that in January, he was dispatched to investigate a possible stabbing. When Coder arrived at the scene, he found Myers receiving medical attention for neck and back wounds, and Myers stated that Shameer Flanigan had stabbed him.

The circuit court revoked Myers's probation, finding that the State had proved he violated the terms of his suspended sentence to pay fines, fees, and costs as ordered and to have no contact with Shameer Flanigan. Myers was sentenced to ten years' imprisonment in the ADC followed by an additional four years' suspended imposition of sentence. As stated above, our court affirmed the circuit court's revocation. *See Myers*, *supra*.

On December 8, 2020, Myers filed a Rule 37 petition claiming ineffective assistance of counsel. *See* Ark. R. Crim. P. 37.1. Myers's petition focused on the motion to dismiss the revocation petition that his attorney filed at his insistence and was denied by the circuit court. Myers contended that the district court attorney representing him on the new criminal charges advised him to refuse the State's plea offer on the pending charges stemming from his May 2019 arrest because his acceptance could be used against him at the hearing on the petition to revoke. Myers asserted that counsel told him that "they have sixty days from the date of arrest to have a petition to revoke hearing by law," and he should accept the plea after that. Myers's hearing on the new charges was set for August 14, and his revocation hearing was scheduled for August 15. On July 22, Myers sent counsel

3

representing him on the petition to revoke, Nancy Pryor, a letter requesting that she file a motion to dismiss. Myers explained that pursuant to Ark. Code Ann. § 5-4-310(b), the court was required to hold a hearing on the petition to revoke within sixty days and that the hearing was set after the sixty-day deadline (which was July 24).[1] On August 12, counsel responded by email, explaining that

> [t]he misdemeanor charges in city court that you have, including the criminal mischief charge, are NOT part of the PTR and are not alleged as violations in the PTR. Matt Davis is your attorney in that case, and you will need to discuss that case directly with him. No sentence that you might receive Aug. 14 will satisfy your PTR sentence, and neither will you be found innocent of those charges.

Pryor explained that the State had offered him four years' incarceration in the ADC and that his exposure if he let the circuit court sentence him was up to eighteen years. Myers asserted that he instructed Pryor to file a motion to dismiss the revocation proceedings despite her explanation that the sixty days would not begin to run until after the charges had been adjudicated. Pryor filed the motion as requested on August 14, and the circuit court denied it. Myers contended that Pryor mishandled the motion to dismiss and this caused him to suffer prejudice; namely, that the circuit court revoked his probation, and the sentence handed down after the motion to dismiss was erroneously denied was unconstitutional.

The circuit court denied his petition, finding that Pryor was not ineffective for filing the motion to dismiss that Myers insisted she file and that was meritless. In the order, the

---

[1]Arkansas Code Annotated § 16-93-307(b)(1)–(2) (Repl. 2016) (which replaced Ark. Code Ann. § 5-4-310(b) that Myers refers to) provides that "[t]he revocation hearing shall be conducted by the court that suspended imposition of sentence on the defendant or placed him or her on probation within a reasonable period of time after the defendant's arrest, not to exceed sixty (60) days."

court reasoned that Myers had "multiple misdemeanor charges out of district court that had not been disposed of during the filing of the petition to revoke." The court found that Pryor had correctly advised Myers that the sixty days would not begin to run until the district court charges had been resolved. The day after the misdemeanor charges were adjudicated in district court, the circuit court addressed the petition to revoke, well within the sixty-day time limit, which did not begin to run until the district court charges were resolved. Myers timely filed his notice of appeal from the denial of his petition.

## II. *Discussion*

### A. Standard of Review

When reviewing a circuit court's ruling on a Rule 37 petition, we will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Draft v. State*, 2020 Ark. App. 171, 596 S.W.3d 585. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

### B. Ineffective Assistance of Counsel

The benchmark for judging a claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668 (1984). Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel"

5

guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Douglas v. State*, 2019 Ark. 57, 567 S.W.3d 483. A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Id*. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Matlock v. State*, 2020 Ark. App. 399, 606 S.W.3d 601. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*.

On appeal, Myers argues that counsel intentionally mishandled the motion to dismiss the petition to revoke by stating in the motion that she had advised against it. Myers asserts that counsel intended for the motion to dismiss to fail and that consequently, he suffered prejudice by the circuit court's revoking his probation and sentencing him to ten years' incarceration. Myers's point is not well taken.

Arkansas Code Annotated § 16-93-307(a)(1) (Repl. 2016) is aimed at preventing people from languishing in jail for extended periods of time while awaiting a revocation hearing, but when the probationer is incarcerated on other charges, failing to hold the hearing within sixty days does not prejudice the defendant. *See Bohanon v. State*, 2021 Ark.

App. 296, at 4–5, 624 S.W.3d 731, 734. Any failure to hold a revocation hearing within sixty days of the date of arrest does not implicate the jurisdiction of the circuit court. *Lenard v. State*, 2014 Ark. 478, at 5, 522 S.W.3d 118, 121.

Counsel's performance was not deficient in filing the meritless motion to dismiss at Myers's insistence; thus, he fails to demonstrate any bias or misconduct. *Boatright v. State*, 2014 Ark. 66, at 6; *see also Monts v. State*, 312 Ark. 547, 549, 851 S.W.2d 432, 434 (1993) (holding that counsel was not deficient for declining to make a meritless argument). Myers does not present any evidence to support his allegation of ineffective assistance of counsel. Accordingly, we hold that the circuit court did not clearly err by denying Myers's Rule 37 petition.

Affirmed.

GLADWIN and VAUGHT, JJ., agree.

*Marlon Tramain Myers*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.